1

2

3

4

5

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

6

7

8

9

10

11

12

| | |
|---|---|
| GUARDIAN PROTECTION PRODUCTS, INC., | Case No. 1:20-cv-01680-SKO |
| Plaintiff, | **ORDER DENYING WITHOUT PREJUDICE STIPULATED PROTECTIVE ORDER** |
| v. | (Doc. 32) |
| G.P.P., INC. d/b/a GUARDIAN INNOVATIVE SOLUTIONS, | |
| Defendant. | |
| . | |
| _____/ | |

13

## I.   INTRODUCTION

14    On July 19, 2021, the parties filed a request seeking Court approval of their stipulated

15 protective order.  (Doc. 32.)  The Court has reviewed the proposed stipulated protective order and

16 has determined that, in its current form, it cannot be granted.  For the reasons set forth below, the

17 Court DENIES *without prejudice* the parties' request to approve the stipulated protective order.

18

## II.   DISCUSSION

19 **A.    The Protective Order Does Not Comply with Local Rule 141.1(c)**

20    The proposed protective order does not comply with Rule 141.1 of the Local Rules of the

21 United States District Court, Eastern District of California.  Pursuant to Rule 141.1(c), any proposed

22 protective order submitted by the parties must contain the following provisions:

23
24
25
    (1)    A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

26
27
    (2)    A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

28
    (3)    A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

1    Local Rule 141.1(c).  The stipulated protective order fails to contain this required information.

2    Local Rule 141.1(c)(1) requires "[a] description of the types of information eligible for

3    protection under the order, with the description provided in general terms sufficient to reveal the

4    nature of the information."  The protective order, in its current form, does not comply with this

5    requirement.  (*See, e.g.,* Doc. 32 at 3 (defining eligible material for protection as "information that,

6    if disclosed, would cause injury to its business or business relationships with others; that contain

7    trade secrets or other confidential and non-public research, development or commercial information;

8    that contain non-public personal information; or that contain other information for which a good

9    faith claim of the need for protection from disclosure can be made under the Federal Rules of Civil

10    Procedure or other applicable law" or that which "(i) . . . contains or reflects confidential information

11    that comprises highly sensitive technical, business or research information regarding products or

12    services, and (ii) the information is so commercially sensitive that disclosure to the opposing party

13    is likely to cause competitive harm to the Designating Party.").)

14    The protective order also fails to identify the parties' need for protection in anything but the

15    most general terms.  (*See, e.g*, Doc. 32 at 1–2.)  As the parties do not present any *particularized*

16    need for protection as to the identified categories of information to be protected, the protective order

17    fails to comply with Local Rule 141.1(c)(2), which requires "[a] showing of particularized need for

18    protection as to each category of information proposed to be covered by the order."

19    Finally, the requirement of Local Rule 141.1(c)(3) is not at all addressed.  In its current form,

20    the protective order does not show "why the need for protection should be addressed by a court

21    order, as opposed to a private agreement between or among the parties."

22    **B.    The Parties' Stipulated Protective Order is Denied <u>Without</u> Prejudice**

23    The parties may re-file a revised proposed stipulated protective order that complies with

24    Local Rule 141.1(c) and corrects the deficiencies set forth in this order.

25    **III.    CONCLUSION AND ORDER**

26    Based on the foregoing, IT IS HEREBY ORDERED that the parties' request for approval of

27

28

2

1  the stipulated protective order (Doc. 32) is DENIED without prejudice to renewing the request.[1]

2

3  IT IS SO ORDERED.

4  Dated:   **July 20, 2021**                              /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[1] The Court further notes that the parties did not email an electronic copy of the stipulated protective order, as required by E.D. Cal. Local Rule 137.  Should the parties renew their request, they shall send an electronic version of the proposed order in Microsoft Word format to SKOorders@caed.uscourts.gov.