CALVIN E. DAVIS  (SBN: 101640)
cdavis@grsm.com
AARON P. RUDIN  (SBN 223004)
arudin@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone:  (213) 576-5000
Facsimile:  (213) 680-4470

Attorneys for Plaintiff and Counterdefendant
GUARDIAN PROTECTION PRODUCTS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUARDIAN PROTECTION PRODUCTS, INC., a Delaware corporation<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>G.P.P., INC. d/b/a GUARDIAN INNOVATIVE SOLUTIONS, a Pennsylvania corporation,<br><br>　　　　　　　　Defendant. | Case No. 1:20-cv-01680-SKO<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>(Doc. 37)<br><br>Complaint filed November 24, 2020<br><br>Counterclaim filed February 22, 2021 |
| AND RELATED COUNTERCLAIMS | |

　　　　IT IS HEREBY STIPULATED AND AGREED between the parties, by and through their undersigned counsel of record, that:

　　　　WHEREAS, to expedite discovery and permit discovery to proceed without the delay occasioned by possible disputes regarding claims of confidentiality, the parties wish to produce documents and things subject to the protective provisions set forth below;

　　　　WHEREAS, per Local Rule 141.1(c)(1) and (2), the parties anticipate that, given the nature of the claims and defenses in this action, discovery will likely include highly proprietary and sensitive business information, the disclosure of which poses a substantial risk of harm to the parties' proprietary and financial interests, including: (i) financial records pertaining to the profit,

loss, sales, assets, debts, and other confidential information related to the performance of the parties; (ii) the operation and functioning of the parties' manufacturing and distribution systems, such as internal assessments and reports analyzing performance of those systems, including potential problems and errors; (iii) trade secret and business strategy information pertaining to the parties' product lines and marketing efforts, such as market analysis reports and communications on implementation and progress of business strategy; (iv) sensitive data regarding customers, potential customers, sales, and third-party business partners, such as data logs, customers' personal information, and communications with existing and prospective clients; and (v) other proprietary technical or commercially sensitive information, such as the parties' business strategies, plans, and processes, that is not otherwise available to the public and would be valuable to competitors in the industry;

WHEREAS, per Local Rule 141.1(c)(3), the parties believe that the Terms and Conditions set forth below should be entered by a court order, as opposed to a private agreement between or among the parties, because the terms herein will pertain solely to the production and use of discovery in this action, a protective order will set forth procedures by which the parties can expeditiously resolve confidentiality or privilege-related disputes before the Court, and such an order will govern potential discovery from third parties who would not otherwise be subject to a private agreement;

WHEREAS, the parties' disclosure of information in this action is made in reliance on the provisions of this Protective Order permitting the parties and third parties to designate documents, deposition and other testimony, information, and things as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" as defined below, and thereby protect such designated information from unauthorized use or disclosure;

NOW, THEREFORE, the parties hereby agree to the Terms and Conditions set forth below, and entry by the Court of this Protective Order.

TERMS AND CONDITIONS

1.     The terms and conditions of this Protective Order shall be applicable to and shall govern all information, documents and tangible things, regardless of medium or format,

1 produced during the course of discovery in this action, whether in response to a request,

2 voluntarily, or pursuant to a rule, order, or other requirement ("Discovery Materials").

3     2. "Confidential Information" as used herein means any information in any of the

4 Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL:

5 ATTORNEYS' EYES ONLY" by one or more of the parties to this action or a third party

6 responding to a subpoena served in this action (referred to as the "Designating Party").

7     3. Confidential Information shall not be used or disclosed for any purpose other than

8 the prosecution, defense, appeal or settlement of this action.  Any use of such information for

9 any other purpose, or any disclosure of such information to anyone not authorized under this

10 Protective Order, is expressly prohibited and would constitute a material breach of this Order.

11     4. Any party to this action or third party that produces Discovery Materials in this

12 action may designate such material as "CONFIDENTIAL" which it believes, in good faith,

13 contains information that, if disclosed, would cause injury to its business or business

14 relationships with others; that contain trade secrets or other confidential and non-public research,

15 development or commercial information; that contain non-public personal information; or that

16 contain other information for which a good faith claim of the need for protection from disclosure

17 can be made under the Federal Rules of Civil Procedure or other applicable law.

18     5. Any party to this action or third party that produces Discovery Materials in this

19 action may designate such material as "CONFIDENTIAL: ATTORNEYS' EYES ONLY"if it

20 believes, in good faith, that (i) the material contains or reflects confidential information that

21 comprises highly sensitive technical, business or research information regarding products or

22 services, and (ii) the information is so commercially sensitive that disclosure to the opposing

23 party is likely to cause competitive harm to the Designating Party.

24     6. The Designating Party shall not designate as Confidential Information any

25 documents or things that are known by the Designating Party to be available to members of the

26 general public.

27     7. Hardcopy or electronic documents that any party or third party wishes to

28 designate as Confidential Information in this action shall be marked by placing the legend

Gordon Rees Scully Mansukhani LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

"CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" as applicable on each page of the document.

8. Electronically stored information in any form (including embedded data and metadata), whether oral, audio and/or visual (collectively, "Electronic Data") that any party or third party wishes to designate as Confidential Information in this action shall be marked by designating the Electronic Data as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" in a cover letter accompanying the production of the Electronic Data. Where feasible, counsel for the Producing Party shall also mark the disk, tape or other electronic media on which the Electronic Data is produced with the appropriate designation. If a Party reduces "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" Electronic Data to hardcopy form, it shall mark the hardcopy with the appropriate designation. Whenever any Confidential Information Electronic Data is copied, all copies shall be marked with the appropriate designation.

9. Deposition transcripts, or portions thereof, may be designated "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" (a) during the deposition, in which case the designated testimony shall be identified by page number in an index appearing at the end of the transcript; or (b) after the conclusion of the deposition, within ten (10) days of receipt of the final deposition transcript, by written notice to counsel of record for all parties. The entire deposition transcript shall be treated as "CONFIDENTIAL: ATTORNEYS' EYES ONLY" for ten (10) days after receipt of the final deposition transcript by counsel unless the Designating Party has earlier indicated a different designation. The front page of any deposition containing Confidential Information shall be marked by the court reporter as follows: "CONTAINS CONFIDENTIAL INFORMATION." The Designating Party shall have the right to have all persons except the deponent and his or her counsel, counsel of record for the named parties, the court reporter, and such other persons as are permitted under Paragraphs 10 and 11 below, excluded from a deposition, or any portion thereof, as appropriate, before the taking therein of testimony that the Designating Party designates as Confidential Information.

10. Absent written consent from the Designating Party or unless otherwise directed

by the Court, and subject to the provisions herein, information designated as "CONFIDENTIAL" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

    a. Outside attorneys for a Party receiving Discovery Materials (referred to as a "Receiving Party"), and any staff, assistants, clerical employees, and information technology employees working under the direct supervision of such counsel;

    b. Officers and employees of a Receiving Party, and any person assisting such officers and employees, where the review of such "CONFIDENTIAL" materials or information is reasonably necessary and in connection with the prosecution, defense, appeal or settlement of this action;

    c. The Court and its staff in connection with the Court's administration and adjudication of this action;

    d. Any outside expert or consultant to whom it is necessary to disclose Confidential Information for purposes of assisting in, or consulting with respect to, this litigation and who have executed the Declaration of Compliance attached hereto as Exhibit A; and

    e. Court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, for the purpose of assisting in this action and who have executed the attached Declaration of Compliance.

11. Absent written consent from the Designating Party or unless otherwise directed by the Court, and subject to the provisions herein, information designated as "CONFIDENTIAL: ATTORNEYS' EYES ONLY" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

    a. Outside attorneys working on this action for a Receiving Party, and any staff, assistants, clerical employees, and information technology employees working under the direct supervision of such counsel;

    b.   The Court and its staff in connection with the Court's administration and adjudication of this action;

    c.   Any outside expert or consultant to whom it is necessary to disclose Confidential Information for purposes of assisting in, or consulting with respect to, this litigation and who have executed the attached Declaration of Compliance; and

    d.   Court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, for the purpose of assisting in this action and who have executed the attached Declaration of Compliance.

12. Any person receiving Confidential Information or any Discovery Materials containing such information, shall take reasonable care to ensure that the information is not communicated or disclosed to anyone not authorized by Paragraphs 10 and 11 above to receive such information.

13. Counsel for each party shall maintain a file containing the Declarations of Compliance (in the form of Exhibit A) executed by each person to whom disclosure of Confidential Information is made by such counsel and who is required to sign such Declaration pursuant to Paragraphs 10 and 11 above.

14. The designation of any document as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" shall not preclude any party from showing that document to any person (a) who appears as the author or as a recipient on the face of the document; (b) who has been identified by the Designating Party as having been provided with the document; (c) who is a current employee or representative of the Designating Party called as a witness for deposition, hearing or trial in this action; or (d) who is a former employee or representative of the Designating Party called as a witness for deposition, hearing, or trial in this action and who had access to the document at the time employed by the Designating Party, if such access is apparent from the face of the document or confirmed by testimony.

15. Nothing in this Protective Order shall be deemed to preclude legal counsel for a

Receiving Party from having high-level discussions with their client about the legal implications of any Discovery Material designated as "CONFIDENTIAL: ATTORNEYS' EYES ONLY."

16. Nothing in this Protective Order shall affect the right of any Designating Party to maintain its own documents as it chooses, or to disclose or use for any purpose the documents or information produced and designated by it as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY," subject to the right of a party to seek, where appropriate, removal of the "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" designation of such documents or information as a result of such disclosure or use.

17. Nothing in this Protective Order shall limit or affect the rights of any party to use or disclose any information or thing that has not been obtained through, or derived as a result of, this action.

18. Compliance with this Protective Order shall not be construed in any way as an admission or agreement by any party that the designated disclosure constitutes or contains any trade secret or confidential information of any other party or witness.  No party to this action shall be obligated to challenge the propriety of any "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" designation by any other party or witness, and failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such designations.

19. Any party objecting to the designation of any information as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" must give counsel for the Designating Party written notice of the objection and its reasons for the objection, and the parties shall attempt in good faith to resolve their differences.  Failing resolution, the Designating Party may file a motion with the Court requesting that the designations be maintained.  In any such motion, the Designating Party shall bear the burden of proving that the challenged Discovery Materials were appropriately designated pursuant to this Protective Order and the Federal Rules of Civil Procedure.  Until the Court rules on the motion, the material shall be treated as designated in accordance with this Order.  If the Designating Party does not file a motion within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer

1  process will not resolve their dispute, whichever is earlier, then the designation is modified as
2  requested by the party challenging the designation.

3        20.      Production of any Discovery Materials without a designation of
4  "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" shall not in and of
5  itself be deemed a waiver of any party's claim of confidentiality as to such matter.  The initial
6  failure to designate Discovery Materials in accordance with this Protective Order shall not
7  preclude any party or third party, at a later date, from designating such materials
8  "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY."  A party or third
9  party may, by written notice to counsel of record for the Receiving Party or Parties, designate
10 previously produced Discovery Materials as Confidential Information.  Upon receipt of such
11 notice, the Receiving Party shall thereafter treat the Discovery Materials in accordance with the
12 new designation, shall restrict the disclosure or use of such material to those persons qualified
13 under this Protective Order, and, if such material has previously been disclosed to persons not
14 qualified under this Protective Order, shall take reasonable steps to obtain all such previously
15 disclosed Confidential Information and advise such persons of the designation of confidentiality.
16 If the Discovery Materials were originally produced in hard-copy format, the Designating Party
17 shall supply, at its own cost, replacement pages containing the new designation of
18 confidentiality.

19       21.      The inadvertent production or disclosure of any document or communication that
20 is subject to an attorney-client, attorney work product, or other privilege will not be deemed a
21 waiver of such privilege, provided that the party entitled to assert such privilege notifies the
22 parties to whom such inadvertent disclosure or production was made promptly upon discovery of
23 such inadvertent disclosure.

24       22.      Within 14 days of receiving the notice of inadvertent production, the Receiving
25 Party may move the Court for an order that such Discovery Material is not protected from
26 disclosure by any privilege, law, or doctrine and may submit the Discovery Material at issue to
27 the Court for filing under seal in connection with that motion.  In any such motion, the
28 Designating Party shall bear the burden of proving that the challenged Discovery Materials are

Gordon Rees Scully Mansukhani LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1  subject to an attorney-client, attorney work product, or other privilege.  The Receiving Party

2  shall not assert waiver due to the inadvertent production as a ground for such motion.  While the

3  motion is pending, the Receiving Party shall not use or disseminate the challenged Discovery

4  Material for any purpose other than such motion.

5  　　　　23.　　In the event that either (a) the party who has been notified of an inadvertent

6  production of protected Discovery Materials declines to file a motion with the Court challenging

7  the claim that the Discovery Materials are protected from disclosure, or (b) the Court determines

8  that the Discovery Materials are protected from disclosure, then the Receiving Party shall: (i)

9  promptly destroy the Discovery Material (or redact the protected portions of the Discovery

10  Material in the event that the entire Discovery Material is not claimed or found to be protected

11  from disclosure) and all copies thereof; (ii) permanently delete any electronic versions of the

12  Discovery Material from any data source, or any database it maintains; (iii) retrieve all paper

13  copies of the Discovery Material provided to any third parties, including experts and consultants;

14  (iv) retrieve from third parties all electronic copies contained on physical storage media where

15  practicable, or if not, direct that any such electronic versions be permanently deleted; (v) destroy

16  portions of any notes that reveal the substance of the protected information; and (vi) make no

17  further use of the protected information. In the event that only a portion of the Discovery

18  Material is claimed or found to be protected from disclosure, the party claiming protection shall

19  produce a new version of that material with such information redacted.

20  　　　　24.　　In the event that a party wishes to use any Confidential Information, or any

21  document containing or making reference to the contents of such information, in any pleading or

22  document filed with the Court, such pleading or document shall be filed under seal pursuant to

23  the Local Civil Rules.  The Clerk of the Court is directed to maintain under seal all documents

24  and information filed under seal with the Court in connection with this litigation, unless and until

25  such time as the Court orders otherwise or denies permission to file under seal.

26  　　　　25.　　A courtesy copy of any document that is filed under seal and that is specifically

27  intended for review by the Court may be hand delivered to the Court without waiving or

28  diminishing in any way the protections of this Protective Order.  Any such courtesy copy shall be

*Gordon Rees Scully Mansukhani LLP*
*633 West Fifth Street, 52nd Floor*
*Los Angeles, CA 90071*

prominently marked "CONFIDENTIAL – FILED UNDER SEAL AND CONTAINS INFORMATION SUBJECT TO A PROTECTIVE ORDER."

26. The disclosure of Confidential Information covered by this Protective Order, whether pursuant to compelled discovery or otherwise, shall not constitute a waiver of any trade secret or any intellectual property, proprietary, or other rights to or in such information. If any person or entity receiving Confidential Information is subpoenaed in another action or proceeding, served with a document demand, or otherwise requested to provide material covered by this Protective Order, and such subpoena, document demand, or request seeks material which was produced or designated as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY," the person receiving the subpoena, document demand, or request shall give written notice promptly (no more than five (5) business days after receipt) to counsel for the Designating Party and shall, to the extent permitted by law, withhold production of the material until any dispute relating to the production of such material is resolved.

27. Unless otherwise agreed to in writing by an attorney of record for the Designating Party, within ninety days of the final adjudication (including any appellate proceedings) or other final disposition of this action, all persons listed in Paragraphs 10 and 11 above, with the exception of Paragraphs 10(c) and 11(b), who received any materials containing information designated as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" shall, at the election of the Designating Party, either (a) assemble and return all Confidential materials in its possession, including all copies thereof, to the Designating Party, or (b) certify in writing that all such material has been destroyed. If returned, the Designating Party shall acknowledge in writing the receipt of any returned material. Counsel of record shall make reasonable efforts to ensure that any experts, consultants, and outside legal vendors it has retained abide by this provision.

28. Notwithstanding the foregoing paragraph, outside counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts, attorney work product, and all exhibits to any of the foregoing that reflect or contain Confidential Information, provided that such outside counsel, and employees of such outside counsel, shall maintain the confidentiality

thereof and shall not disclose any such information to any person except pursuant to Paragraph 26 or the written consent of the Designating Party.

29. Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of any party or person (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, material claimed to be protected work product or privileged under applicable law, material as to which a party claims a legal obligation not to disclose, or material not required to be provided pursuant to applicable law; (b) to seek to modify or obtain relief from any aspect of this Protective Order; (c) to object to the use, relevance or admissibility at trial or otherwise of any material, whether or not designated in whole or in part as Confidential Information governed by this Protective Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

30. This Protective Order shall not prevent a party from applying to the Court for further or additional protective orders or to modify the provisions of this Order.

31. The undersigned will treat Discovery Materials that are designated by a third party as Confidential Information in accordance with the terms and conditions of this Protective Order regardless of whether the third party is or becomes a signatory to the Order.

32. Any party serving a subpoena in this action on a non-party shall include with the subpoena a copy of this Protective Order.

33. The confidentiality obligations imposed by this Protective Order, and this Court's jurisdiction over disputes relating to this Protective Order, shall survive termination of this action and shall remain in effect unless otherwise expressly ordered by the Court.

\*       \*       \*

# EXHIBIT A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUARDIAN PROTECTION PRODUCTS, INC., a Delaware corporation<br><br>Plaintiff,<br><br>vs.<br><br>G.P.P., INC. d/b/a GUARDIAN INNOVATIVE SOLUTIONS, a Pennsylvania corporation,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. 1:20-CV-01680-DAD-SKO<br><br>**DECLARATION OF COMPLIANCE WITH PROTECTIVE ORDER**<br><br>Complaint filed November 24, 2020<br>Counterclaim filed February 22, 2021 |

I hereby certify my understanding that Discovery Material designated as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" is being provided to me pursuant to the terms and restrictions of the Protective Order entered in this action by the United States District Court for the Eastern District of California (the "Court") on _____, 2021 (the "Protective Order"). I have read and understand the terms of the Protective Order and I agree to be fully bound by them. I understand that any violations of the terms and conditions of the Protective Order may be regarded as contempt of court. I hereby submit to the jurisdiction of the Court for the purposes of enforcement of this Protective Order.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Executed this ____ day of _____, _____.

_____

Gordon Rees Scully Mansukhani LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

STIPULATED AND AGREED TO BY ALL PARTIES:

Dated: August 23, 2021                    GORDON REES SCULLY MANSUKHANI, LLP

                                          By:  */s/ Aaron P. Rudin*
                                               Calvin E. Davis
                                               Aaron P. Rudin
                                               Attorneys for Plaintiff and Counter-defendant GUARDIAN PROTECTION PRODUCTS, INC.

Dated: August 23, 2021                    WILSON SONSINI GOODRICH & ROSATI
                                          Professional Corporation

                                          By:  */s/ Dylan J. Liddiard*
                                               Dylan J. Liddiard
                                               Attorneys for Defendant and Counter-claimant G.P.P., INC. d/b/a GUARDIAN INNOVATIVE SOLUTIONS

## **ORDER**

The parties' above Stipulated Protective Order (Doc. 37) is hereby approved. All requests for sealing of confidential materials must comply with Local Rule 141 as confidential materials will not automatically be subject to sealing.

IT IS SO ORDERED.

Dated:  **August 23, 2021**                    */s/ Sheila K. Oberto*
                                               UNITED STATES MAGISTRATE JUDGE