# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUARDIAN PROTECTION PRODUCTS, INC., <br><br> Plaintiff/Counter-defendant, <br><br> v. <br><br> G.P.P., INC. d/b/a GUARDIAN INNOVATIVE SOLUTIONS, <br><br> Defendant/Counter-claimant. | Case No. 1:20-cv-01680-SKO <br><br> **ORDER GRANTING IN PART AND DENYING IN PART NOTICES AND REQUESTS TO SEAL DOCUMENTS** <br><br> (Docs. 74, 76) |

## I. INTRODUCTION

On February 19, 2025, Plaintiff and Counter-defendant Guardian Protection Products ("Guardian") filed a "Notice of Request to Seal Documents" (the "Guardian Notice") (Doc. 74) and submitted to the Court a "Request to Seal Documents" (the "Guardian Request") pursuant to E.D. Cal. Local Rule 141, seeking to seal documents and exhibits relating to their "Motion for Terminating and Monetary Sanctions, or, in the Alternative, Witness Exclusion and/or an Adverse Inference Jury Instruction Against GIS" (the "Guardian Motion") (Doc. 75).

That same day, Defendant and Counter-claimant G.P.P., Inc. ("GIS") filed a "Notice of Request to Seal Documents" (the "GIS Notice") (Doc. 76) and submitted to the Court a "Request to Seal Documents" (the "GIS Request") pursuant to E.D. Cal. Local Rule 141, seeking to seal documents and exhibits relating to their "Motion to Exclude Gary Gaukler" (the "GIS Motion") (Doc. 77).

Each of these requests to seal were, at least in part, based on the opposing party's designation of certain information as "Confidential" or "Confidential: Attorney's Eyes Only" under the stipulated protective order (Doc. 70 (the "Protective Order")).  On February 20, 2025, the Court

issued a minute order instructing the parties to file responses to the opposing party's request to seal if they sought to have any part of the opposing party's motion, memorandum, or supporting exhibits sealed and, if so, to make a particularized showing of good cause.  (Doc. 78).  Both parties filed timely responses.  (Docs. 79 (Guardian's response); 80 (GIS's response)).

The Court has reviewed the notices, requests, parties' responses to the minute order, and the documents sought to be sealed, and has determined that the notices, requests, and responses make an adequate showing of good cause as to exhibits O and R of the Declaration of Cassie L. Black in support of GIS's Motion (the "Black Declaration").  The Court construes the responses to the Court's minute order as withdrawing all other requests to seal.  For the reasons set forth below, the Court will GRANT IN PART and DENY IN PART the notices and requests.

## II.   LEGAL STANDARD

All documents filed with the court are presumptively public.  *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999).  This is because "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citations omitted).  Accordingly, a party seeking to seal a judicial record bears the burden of overcoming the strong public access presumption. *Id*.

Two standards generally govern requests to seal documents: the "compelling reasons" standard for documents directly related to the underlying causes of action, such as documents attached to summary judgment motions, and the lesser "good cause" standard for documents only tangentially related to the underlying causes of action, such as those offered in support of non-dispositive, discovery type motions:

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions.  Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy.  A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citations omitted); *see also Ctr. for Auto Safety*, 809 F.3d at 1098; *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677 (9th

Cir. 2009).

The good cause standard, applicable here, "comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process." *Ctr. for Auto Safety, LLC*, 809 F.3d at 1097. Rule 26(c) states that the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *see also Pintos*, 605 F.3d at 678 (stating that the good cause standard under Rule 26(c) asks "whether 'good cause' exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.").

As the Ninth Circuit has stated, a blanket protective order does not by itself demonstrate "good cause" for sealing specific information and documents. *See Kamakana*, 447 F.3d at 1183 ("Although the magistrate judge expressly approved and entered the protective order, the order contained no good cause findings as to specific documents that would justify reliance by the United States...."); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003) ("[A] party seeking the protection of the court via a blanket protective order typically does not make the 'good cause' showing required by Rule 26(c) with respect to any particular document."); *San Jose Mercury News, Inc.*, 187 F.3d at 1103; *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("Further, because the protective order was a stipulated blanket order, International never had to make a 'good cause' showing under Fed. R. Civ. P. 26(c) of the need for protection of the deposition transcripts in the first place. Nor does it allege specific prejudice or harm now. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.") (citations omitted); *see also Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) ("Even if the parties agree that a protective order should be entered, they still have the burden of showing that good cause exists for issuance of that order. It is equally apparent that the obverse also is true, *i.e.*, if good cause is not shown, the discovery materials in question should not receive judicial protection.") (citations omitted).

### III.   DISCUSSION

Guardian seeks to seal the following documents relating to its "Motion for Terminating and Monetary Sanctions, or, in the Alternative, Witness Exclusion and/or an Adverse Inference Jury

3

Instruction Against GIS," (Doc. 75): (1) Guardian's unredacted Notice of Motion and Motion and (2) the unredacted declaration of Aaron P. Rudin in support of the Motion (the "Rudin Declaration") along with accompanying exhibits 2–5, 7, 16, 17, 18, and 23.  Guardian's sole stated justification for redacting and sealing these documents is that they include materials either designated by GIS as "Confidential"[1] or "Confidential: Attorney's Eyes Only"[2] under the parties' stipulated protective order.  (*See* Guardian Request at 2–4).  In response to the Court's order requiring GIS to respond by (1) identifying which, if any, materials it sought to be redacted or sealed and (2) making a particularized showing of good cause, GIS stated that it did not seek to seal exhibits 2–5, 7, 16, 17, 18.  It further represented that after a meet and confer with Guardian, Guardian had agreed to withdraw exhibit 23 in light of "confidentiality rights of nonparties." (Doc. 80 at 2–3).

GIS, for its part, seeks to seal the following documents relating its "Motion to Exclude Gary Gaukler," (Doc. 77): (1) image one in its Memorandum of Law in Support of its Motion; (2) image three in the same memorandum, (3) exhibit O (GUARDIAN000002) to the Declaration of Cassie L. Black in support of GIS's Motion (the "Black Declaration"), and (4) exhibit R to the Black Declaration.  GIS seeks sealing of exhibits O and R on the basis that those documents "contain personally identifying information for tens of thousands of nonparties to this action" and that "public disclosure of this identifying information would result in harm to th[o]se individuals." (GIS Request at 1; Doc. 80 at 2).  As to images one and three, GIS seeks sealing based on the sole justification that these images were derived from materials designated by Guardian as "Confidential" or "Confidential: Attorney's Eyes Only" under the parties' stipulated protective order.  (*See id.* at 1).  In response to the Court's order requiring Guardian to respond by (1) identifying which, if any, materials it sought to be redacted or sealed and (2) making a particularized showing of good cause,

---

[1] "Confidential" information is defined in the parties' stipulated protective order as being reserved to materials that the producing party "believes, in good faith, contains information that, if disclosed, would cause injury to its business or business relationships with others; that contain trade secrets or other confidential and non-public research, development or commercial information; that contain non-public personal information; or that contain other information for which a good faith claim of the need for protection from disclosure can be made under the Federal Rules of Civil Procedure or other applicable law." (Doc. 70 at 4).

[2] "Confidential: Attorney's Eyes Only" is defined in the parties' stipulated protective order as being reserved to materials that the producing party "believes, in good faith, that (i) the material contains or reflects confidential information that comprises highly sensitive technical, business or research information regarding products or services, and (ii) the information is so commercially sensitive that disclosure to the opposing party is likely to cause competitive harm to the Designating." (Doc. 70 at 4).

4

Guardian stated that it did not seek sealing of the images one and three because it "does not believe that there is good cause to seal those images," but that it did seek sealing of Exhibit O because "it contains personal identifying information of more than 40,000 individuals that are not parties to this lawsuit and would not reasonably expect their personal identifying information to be disclosed to the public in connection with this lawsuit," (Doc. 79 at 2–3).

Considering these privacy interests, the parties' have adequately articulated "good cause" for maintaining confidentiality as to exhibits O and R to the Black Declaration. *See Richter v. Oracle Am., Inc.*, 2023 WL 5663217, at *1 (N.D. Cal. Aug. 30, 2023) (the "legitimate interest in ensuring the privacy of personal information outweighs the public's interest in access to court filings."); *Logistics Guys Inc. v. Cuevas*, 2024 WL 4839824, at *2 (E.D. Cal. Nov. 20, 2024) (granting motion to seal phone numbers of various nonparties and defendant under heightened compelling reasons standard); *Laatz v. Zazzle, Inc*., 2024 WL 4493441, at *2 (N.D. Cal. Sept. 25, 2024) (sealing personal information of party under good cause standard, noting that "protecting personal information" satisfies the heightened compelling reasons standard).

The Court construes the parties' responses as withdrawing or otherwise mooting the remaining requests for sealing and will therefore deny the remaining requests.[3]

### IV.    CONCLUSION AND ORDER

For the forgoing reasons, the parties' Notices and Requests to Seal Documents related to Defendant's Motion to Strike and Plaintiff's Renewed Motion to Compel (Docs. 74, 76) are GRANTED IN PART and DENIED IN PART.

The Court ORDERS that the exhibits O and R to Declaration of Cassie L. Black in support of GIS's "Motion to Exclude Gary Gaukler" be FILED UNDER SEAL in accordance with Local Rule 141. **By no later than two (2) days of the date of this Order**, the parties SHALL file on the docket updated redacted versions of exhibits O and R to Declaration of Cassie L. Black in support of GIS's Motion to Exclude Gary Gaukler. All other documents associated with Guardian's "Motion for Terminating and Monetary Sanctions, or, in the Alternative, Witness Exclusion and/or

---

[3] Based on GIS' representations, (*see* Doc. 80 at 2), the Court understands the parties' position to be that Guardian will omit the inclusion of exhibit 23 to the Rudin Declaration, in which case the request to seal is moot.

an Adverse Inference Jury Instruction Against GIS," (Doc. 75), and GIS' "Motion to Exclude Gary Gaukler," Doc. 77), are to be filed publicly on the docket.

IT IS SO ORDERED.

Dated:  **March 3, 2025**                    /s/ *Sheila K. Oberto*
                                                                                    UNITED STATES MAGISTRATE JUDGE