**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUARDIAN PROTECTION PRODUCTS, INC., <br><br> Plaintiff/Counter-defendant, <br><br> v. <br><br> G.P.P., INC. d/b/a GUARDIAN INNOVATIVE SOLUTIONS, <br><br> Defendant/Counterclaimant. | Case No. 1:20-cv-01680-SKO <br><br> **ORDER GRANTING GUARDIAN'S NOTICE AND REQUEST TO SEAL DOCUMENTS AND DENYING AS MOOT GIS'S NOTICE AND REQUEST TO SEAL DOCUMENTS** <br><br> (Docs. 81, 85) |

## I.   INTRODUCTION

On February 26, 2025, Plaintiff and Counter-defendant Guardian Protection Products, Inc. ("Guardian") filed a "Notice of Request to Seal Documents" (the "Guardian Notice") (Doc. 81) and submitted to the Court a "Request to Seal Documents" (the "Guardian Request") pursuant to E.D. Cal. Local Rule 141, seeking to seal the information contained in three exhibits proffered in support of their "Motion for Summary Judgment or, in the Alternative, Summary Adjudication Against G.P.P., Inc." (the "Guardian MSJ") (Doc. 83).

That same day, Defendant and Counterclaimant G.P.P., Inc. ("GIS") filed a "Notice of Request to Seal Documents" (the "GIS Notice") (Doc. 85) and submitted to the Court a "Request to Seal Documents" (the "GIS Request") pursuant to E.D. Cal. Local Rule 141, seeking to seal the information contained in two exhibits proffered in support of their "Motion for Summary Judgment or, in the Alternative Summary Adjudication Against Guardian Protection Products, Inc." (the "GIS MSJ") (Doc. 86).

Each of these requests to seal was, at least in part, based on the opposing party's

designation of certain information as "Confidential" or "Confidential: Attorney's Eyes Only" under the stipulated protective order (Doc. 70 (the "Protective Order").)  On February 27, 2025, the Court issued a minute order instructing the parties to file responses to the opposing party's request to seal if they were a proponent of sealing the information referenced in the request to seal and, if so, to make a particularized showing.  (Doc. 87.)  Both parties filed timely responses. (Docs. 88 (Guardian's response); 90 (GIS's response).)

The Court has reviewed the notices, requests, parties' responses to the minute order, and the information sought to be sealed, and has determined that the notices, requests, and responses make an adequate showing to seal the information contained in Exhibits 5 and 6 of the Declaration of Aaron P. Rudin (the "Rudin Declaration") and Exhibit 1 to the Declaration of Darin Lease (the "Lease Declaration"), proffered in support of the Guardian MSJ, and will grant the Guardian Notice and Request.  The Court construes Guardian's response to the Court's minute order as withdrawing the GIS Notice and Request, and it will be denied as moot.

## II.   LEGAL STANDARD

All documents filed with the court are presumptively public.  *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999).  This is because "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citations omitted).  Accordingly, a party seeking to seal a judicial record bears the burden of overcoming the strong public access presumption.  *Id*.

Two standards generally govern requests to seal documents: the "compelling reasons" standard for documents directly related to the underlying causes of action, such as documents attached to summary judgment motions, and the lesser "good cause" standard for documents only tangentially related to the underlying causes of action, such as those offered in support of non-dispositive, discovery type motions:

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions.  Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy.  A "good cause"

>   showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citations omitted); *see also Ctr. for Auto Safety*, 809 F.3d at 1098; *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2009).

Under the compelling reasons standard, applicable here, the party requesting a seal must show "compelling reasons supported by specific factual findings . . . [that] outweigh the general history of access and the public policies favoring disclosure." *Pintos*, 605 F.3d at 678.  It is not enough to assert that documents are highly confidential; this standard is invoked "even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Kamakana*, 447 F.3d at 1179.  The Court appropriately seals records when they "might be used to gratify private spite or promote public scandal, to circulate libelous statements, or as sources of business information that might harm a litigant's competitive standing." *Center for Auto Safety*, 809 F.3d at 1097; *see also Polaris Innovations Limited v. Kingston Technology Co., Inc.*, No. SACV 16-00300-CJC(RAOx), 2017 WL 2806897, at *7 (C.D. Cal. March 30, 2017). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

### III.   DISCUSSION

Guardian seeks to seal the information contained in three exhibits proffered in support of the Guardian MSJ (Doc. 83): (1) Exhibit 5 (GISOH001075) to the Rudin Declaration; (2) Exhibit 6 (GISOH001076) to the Rudin Declaration; and (3) Exhibit 1 (GUARDIAN000002) to the Lease Declaration.  (Doc. 81.)  Guardian seeks to seal that information on the basis that it is the "personal identifying information of numerous individuals that are not parties to this lawsuit and would not reasonably expect their personal identifying information to be disclosed to the public in connection with this lawsuit." (Guardian Request at 3; Doc. 81 at 2–3.)  GIS agrees that GISOH001075 and GISOH001076, which they produced, contains the "personal identifying information of thousands of individuals." (Doc. 90 at 2.)

Courts within the Ninth Circuit have routinely granted motions to seal the personally identifiable information of third-party individuals under the compelling reasons standard. *See Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, Case No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding that compelling reasons supports the sealing of personally identifiable information of third party individuals, including names, addresses, phone numbers, and email addresses); *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) ("The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft."). *See also Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1139 (9th Cir. 2003) (ordering the redaction of "identifying information from third-party medical and personnel records"); *Jasibel Canchola v. Allstate Ins. Co.*, No. 8:23-CV-00734-FWS-ADS, 2024 WL 5275024, at *5 (C.D. Cal. Oct. 8, 2024) ("The court finds compelling reasons to seal this document because it contains financial information and personal identifying information of third parties."). Considering the privacy interests at issue, the Court finds that the parties have adequately articulated "compelling reasons" for maintaining confidentiality as to this information—at least some of which has been previously ordered sealed.[1]

GIS, for its part, seeks to seal the information contained in two exhibits proffered in support of the GIS MSJ (Doc. 86): (1) Exhibit UU (GUARDIAN00940) to the Declaration of Cassie L. Black (the "Black Declaration"); and (2) Exhibit VV (GUARDIAN009760) to the Black Declaration. (GIS Request at 2; Doc. 85 at 2.) GIS's sole stated justification for sealing this information is that it has been designated by Guardian as "Confidential"[2] under the Protective Order. (*See id.*) In response to the Court's order requiring Guardian to respond by (1) identifying

---

[1] This Court has previously sealed the information contained in GISOH001076 and GUARDIAN000002. (*See* Docs. 76 & 89.)

[2] "Confidential" information is defined in the parties' stipulated protective order as being reserved to materials that the producing party "believes, in good faith, contains information that, if disclosed, would cause injury to its business or business relationships with others; that contain trade secrets or other confidential and non-public research, development or commercial information; that contain non-public personal information; or that contain other information for which a good faith claim of the need for protection from disclosure can be made under the Federal Rules of Civil Procedure or other applicable law." (Doc. 70 at 4).

which, if any, information it sought to be redacted or sealed, and (2) making a particularized showing, Guardian agreed to remove the "Confidential" designation as to this information, thereby obviating the need for a sealing order.  (*See* Doc. 88.)

### IV.    CONCLUSION AND ORDER

For the forgoing reasons, Guardian's Notice and Request to Seal information (Doc. 81) is GRANTED. **By no later than two (2) days of the date of this Order**, Guardian SHALL FILE UNDER SEAL Exhibits 5 and 6 of the Declaration of Aaron P. Rudin and Exhibit 1 to the Declaration of Darin Lease (and any documents that reference the information contained therein) proffered in support of the Guardian MSJ, in accordance with Local Rule 141.

GIS's Notice and Request to Seal information (Doc. 85) is DENIED AS MOOT. **By no later than two (2) days of the date of this Order**, GIS SHALL FILE on the public docket unredacted versions of Exhibits UU and VV to the Declaration of Cassie L. Black (and any documents that reference the information contained therein) proffered in support of the GIS MSJ.

IT IS SO ORDERED.

Dated:   **March 4, 2025**              /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE